[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10562
Non-Argument Calendar

_____

D.C. Docket No. 4:99-cr-10035-KMM-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERMAINE MATHIS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 16, 2015)


Before TJOFLAT, WILSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jermaine Mathis, proceeding pro se, appeals the district court's determination that Mathis was ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), and Amendment 782:  he was sentenced as a career offender.  No reversible error has been shown; we affirm.[*]

We review de novo the district court's legal conclusions about the scope of its authority under section 3582(c)(2).  United States v. Lawson, 686 F.3d 1217, 1319 (11th Cir. 2012).  We construe liberally pro se pleadings.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

A district court may not reduce a defendant's term of imprisonment unless (1) the defendant's sentence was based upon a guideline range that the Sentencing Commission later lowered and (2) a reduction is consistent with the Sentencing Commission's applicable policy statements.  18 U.S.C. § 3582(c)(2).  A reduction is inconsistent with the guidelines' policy statements if the guidelines amendment does not lower the defendant's "applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).  A defendant's "applicable guideline range" is the guideline range determined based on a defendant's offense level and criminal history

---

[*] Mathis also argues on appeal that the district court erred in classifying him as a career offender under U.S.S.G. § 4B1.1.  We lack jurisdiction to consider this argument in this section 3582(c)(2) appeal.  See United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000) (in section 3582(c) proceedings, this Court lacks jurisdiction to consider collateral attacks on a sentence).

2

category <u>before</u> the application of departures or variances.  U.S.S.G. § 1B1.10, comment. (n.1(A)).

The district court lacked the authority to reduce Mathis's sentence, pursuant to section 3582(c)(2), because Mathis's applicable guideline range was not lowered by Amendment 782.  Although retroactive application of Amendment 782 would reduce Mathis's base offense level from 24 to 22, Mathis's adjusted offense level would still be 34 based on the operation of the career-offender guideline in section 4B1.1.  Thus, Mathis's applicable guideline range remains unchanged.  The district court committed no error in concluding that Mathis is ineligible for a sentence reduction.  See <u>United States v. Hamilton</u>, 715 F.3d 328, 337 (11th Cir. 2013) ("Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence.").

On appeal, Mathis argues, for the first time, that the commentary to section 1B1.10 (defining the term "applicable guideline range") violates the Equal Protection Clause and is inconsistent with section 1B1.10 and with the Sentencing Commission's statutory authority.  Arguments raised for the first time on appeal are reviewed only for plain error.  See <u>United States v. Moriarty</u>, 429 F.3d 1012, 1018-19 (11th Cir. 2005).  Because Mathis has identified no controlling precedent from the Supreme Court or from this Court establishing that the commentary

violates the Constitution or a federal statute, or is otherwise inconsistent with the guidelines, his argument fails: error, if any, is not plain.  See Stinson v. United States, 113 S.C. 1913, 1917-18 (1993); United States v. Ramirez-Flores, 743 F.3d 816, 822 (11th Cir. 2014).

AFFIRMED.